# HORTENSIA BOCANEGRA ET AL., Complainants,

*v.*

# ROBERTO GRAHAM, Defendant.

---

### OPINION ON MOTION TO FILE DILATORY PLEA.

1. An action for an accounting lies in a Federal court, but a bill in equity is the usual form.
2. Leave should not be given to withdraw a plea to the merits in order to file a dilatory plea, at a late hour in the proceedings.
3. A plea in an action at law to settle the right of the plaintiff, that a suit in equity for an accounting was first pending, is not good, the latter suit having been stayed until the right to an accounting should be settled at law.

December 19, 1900.

---

*Mr. C. M. Boerman,* attorney for complainants.

*Messrs. Odlin & Abbott,* attorneys for defendant.

HOLT, Judge, delivered the following opinion:

Bernardo and Hortensia Bocanegra, claiming an interest in certain real estate with the defendant, Roberto Graham, filed a bill in the late provisional court for an accounting by the latter of alleged profits received by him therefrom. The answer denied they had any ownership. Thereupon the said court suspended the action, that the complainants might sue and establish their alleged ownership, as their right to an accounting, of

Bocanegra v. Graham.

course, depended upon it. An issue out of chancery was not ordered, but time given to sue at law as to title. Each of said complainants then filed a separate suit at law. The declarations are in form much like the action of account, which yet lies in a Federal court, but has been largely superseded in practice by bill in equity. They, however, assert an interest in the property, and they will, therefore, be regarded and treated as actions to test the ownership. In each of these actions the defendant first pleaded in abatement a defect of parties plaintiff,—that both plaintiffs should have joined in each suit or in one suit, as their alleged interest is joint; but the actions were consolidated.

The defendant then pleaded to the merits, and now, after all this, he moves to withdraw the former pleas, and file one in abatement upon the ground that there was a *lis pendens* for the same cause of action, to wit, the equity cause when the actions at law were brought. It is a dilatory plea. It should not be allowed at this late hour, in view of the pleadings that have been filed, and especially owing to the view above stated of the plaintiffs' action.

The motion to withdraw the former pleas and to file the one now presented is overruled, to which the defendant excepts, and, by way of supporting the exception, merely the proposed motion and plea are ordered to be considered a part of the record, they being marked exhibits O and A.